UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

| | |
|---|---|
| In re: | Hearing Date: April 17, 2019 |
| MICHAEL J. CASARELLA | Case No. 19-22154-RDD |
| Debtor. | Chapter Number: 13<br>Judge: Robert D. Drain |

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN BY SECURED CREDITOR, FOXWOOD CONDOMINIUM, INC.

I, Stacey R. Patterson, Esq. an attorney admitted to practice law in the United States Bankruptcy Court for the Southern District of New York, states the following under penalty of perjury:

1.      I am an attorney duly licensed to practice before this Court and serve as counsel with the law firm of Ansell Grimm & Aaron, P.C., attorneys for, Foxwood Condominium (the "Secured Creditor") and as such, am fully aware of the facts and circumstances of the present case.

2.      The Secured Creditor is the holder of a recorded lien for unpaid common charges (the "Lien") against the premises owned by the Debtor, Michael J. Casarella (the "Debtor"), located at 121 Foxwood Circle, Mt. Kisco, New York 10549 (the "Property").

3.      The Property is a condominium unit.

4.      The Lien was recorded in accordance with RPL 339-z and as authorized by the Declaration of Covenants and Restrictions ("Declaration") of the Secured Creditor.

5.      The Lien is a security interest created by virtue of an agreement between the Secured Creditor and the Debtor (the "Declaration") when the Debtor purchased the Property -. 11 U.S.C. §101(51).

6.      The Lien is the subject of a Final Judgment of Foreclosure and Sale entered in the Supreme County of New York, Westchester County on November 20, 2019 under Index No. 54254/2018.

7.      The Secured Creditor scheduled a Foreclosure Sale with respect to Property that was to take place on January 31, 2019 (the "Sale").

8.      On January 30, 2019, the Debtor filed a voluntary Chapter 13 bankruptcy petition and a Chapter 13 plan (the "Plan") which stayed the Sale.

9.      On March 14, 2019, the Condominium filed a secured proof of claim which was later amended to correct the secured amount on March 22, 2019.

10.      The Plan fails to contemplate the amounts due to the Secured Creditor by virtue of the Lien.

11.      The Plan affords no protection for the Secured Creditor.

12.      Section 1322(b)(2) of the Bankruptcy Code prohibits the modifications of claims secured by a security interest in a debtor's principal residence.

13.      In addition to the Plan's lack of protection of the Secured Party's interest, the Debtor is delinquent in the payment of post-petition common charges due to the Secured Creditor since February 1, 2019.

14.     The monthly common charge for the Property is $508.02. As of the date of this Objection, the Debtor owes to the Secured Creditor a total of $1,016.04 in common charges that have accrued since February 1, 2019.

15.     The Debtor continues to hold a legal and possessory interest in the property.

16.     The Debtor's post-petition common charges and assessments are not dischargeable. 11 U.S.C. §523 (a)(16).

17.     The Plan is not feasible because the Debtor is unable to remain current on post-petition assessments.

WHEREFORE, the Condominium respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan.

Respectfully submitted,

**ANSELL GRIMM & AARON, P.C.**

By:     */s/ Stacey R. Patterson*
         Stacey R. Patterson, Esq.
         *Attorneys for Foxwood Condominium*

Dated:  March 22, 2019